UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM A. TURBAY, et al.,

        Plaintiff(s),

v.

BANK OF AMERICA, N.A., et al.,

        Defendant(s).

2:12-CV-1367 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs William A. Turbay and Richard G. Rock's *pro se* emergency motion to vacate justice court order granting temporary writ of restitution and writ of restitution entered on June 28, 2012, or alternatively for a stay of execution of the writ of restitution. (Doc. #1, Ex. 3).

Plaintiffs filed the instant motion in state court on July 30, 2012. (Doc. #1, Ex. 3). On August 2, 2012, defendants Bank of America, N.A., ReconTrust Company, N.A., and BAC Home Loans Servicing, LP removed the action to this court. (Doc. #1). On August 3, 2012, defendants filed an errata to their petition for removal, which attached additional documents. (Doc. #4).

In the instant motion, plaintiffs seek an order from this court vacating a justice court order granting a temporary writ of restitution and writ of restitution in case number 11C030098. (Doc. #1, Ex. 3). Alternatively, plaintiffs ask the court to stay execution of the writ of restitution until this court can hear the merits of the instant case. (Doc. #1, Ex. 3).

**James C. Mahan**
**U.S. District Judge**

According to the allegations in the complaint, defendants in this action filed an unlawful detainer complaint in case number 11C030098 on October 21, 2011. (Doc. #1, Ex. 2, ¶ 58). However, plaintiffs did not file the instant action in state court until July 16, 2012, and the number of this case in state court was A-12-665165-C. (Doc. #1, Ex. 2).

For the purposes of the instant motion, the court finds that it does not have authority to vacate the justice court's writ of restitution or stay execution of the writ of restitution in case number 11C030098. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings unless one of three exceptions applies: (1) where the injunction is expressly authorized by an act of Congress, (2) where it is necessary in aid of the federal court's jurisdiction, and (3) where an injunction would protect or effectuate the federal court's judgments. *See also United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999). "[I]t has long been held that the first court to exercise jurisdiction over real property is entitled to enjoin proceedings in another court regarding that property." *Id.* However, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed . . . ." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

It is clear that neither the first nor the third exception to the Anti-Injunction Act applies in this case. Plaintiffs have not pointed to any act of Congress that would authorize this court to enjoin the state court proceedings. (Doc. #1, Ex. 3). Further, this court has not entered a judgment in the instant case, so there is no judgment from this court which an injunction could protect or effectuate. *See Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942 (9th Cir. 2005) (stating that this exception is grounded in the concepts of res judicata and collateral estoppel).

Similarly, the court does not have authority to enjoin the state court proceedings under the second exception to the Anti-Injunction Act. Regardless of whether the instant suit is characterized as a proceeding *in rem* or *in personam*, *see Chapman v. Deutsche Bank National Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) (stating that this is an open question under Nevada law), this court did not assume jurisdiction over the instant case until after the justice court exercised jurisdiction in case

James C. Mahan
U.S. District Judge

- 2 -

number 11C030098.

The justice court first exercised jurisdiction over the order to show cause when defendants filed the unlawful detainer complaint on October 21, 2011. (Doc. #1, Ex. 2, ¶ 58). In contrast, this court assumed jurisdiction over the instant lawsuit on August 2, 2012, when Bank of America, N.A., ReconTrust Company, N.A., and BAC Home Loans Servicing, LP removed the case to this court on August 2, 2012. *Chapman*, 651 F.3d at 1044 (stating that jurisdiction attaches when defendants filed a notice of removal). Even if the court uses the date the complaint was filed in state district court, July 30, 2012, the justice court exercised jurisdiction prior to any exercise of jurisdiction in this case. (Doc. #1, Ex. 2).

Therefore, the justice court exercised jurisdiction prior to this court's assumption of jurisdiction, and this court does not have the authority to enjoin the justice court proceedings or vacate the justice court's orders regarding this real property. *See Alpine Land & Reservoir Co.*, 174 F.3d at 1014.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs William A. Turbay and Richard G. Rock's *pro se* emergency motion to vacate stay and/or vacate justice court order granting temporary writ of restitution and writ of restitution entered on June 28, 2012 (doc. #1, ex. 3) be, and the same hereby is, DENIED.

DATED August 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -