**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM A. TURBAY, et al., | 2:12-CV-1367 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiffs William A. Turbay and Richard G. Rock's motion to remand. (Doc. # 10). Defendants Bank of America N.A.; ReconTrust Company, N.A.; and J.P. Morgan Alternative Loan Trust 2007-A1 responded. (Doc. # 16).

Also before this court is defendants' motion to dismiss. (Doc. # 13).[1] Plaintiffs responded (doc. # 17), and defendants replied (doc. # 19).

**I.     Background**

Plaintiffs William A. Turbay and Richard G. Rock were the original owners of 5447 E. Fire Island Drive, Las Vegas, Nevada 89120 ("the property"). (Doc. # 1-2, ¶ 8). In October 2006, as part of a bankruptcy, plaintiffs sold the property to Clay Lombardo for $950,000.[2] (Doc. # 13, Ex. B).

---

[1] GSAA 2006-16 Trust was also named as a defendant; however, it does not appear that there are any allegations against this entity.

[2] Defendants request that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc. # 13). Under Fed. R. of Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court takes judicial notice of these public records. "Generally, a district court may

James C. Mahan
U.S. District Judge

1    Lombardo financed this purchase with a $712,500 loan from Countrywide Bank, N.A. which was

2    secured by a senior deed of trust recorded on October 25, 2006.  (*Id.*, Ex. D). Lombardo then

3    borrowed $190,000 from Countrywide Bank, N.A., which was secured by a junior deed of trust

4    recorded on October 25, 2006. (*Id.*, Ex. E).

5            On November 22, 2006, Lombardo quitclaimed the property back to plaintiffs, the original

6    owners (*id.*, Ex. M); although the quitclaim deed was not recorded until August 25, 2010. (*Id.*). And

7    re-recorded on September 24, 2010, with the property's legal description. (*Id.*, Ex. N).

8            On June 1, 2009, Lombardo defaulted on his senior loan. (*Id.*, Ex. F). A notice of default and

9    election to sell was recorded on September 28, 2009. (*Id.*). On August 20, 2010, a notice of trustee's

10   sale was recorded. (*Id.*, Ex. J). On December 28, 2010, a second notice of trustee's sale was

11   recorded. (*Id.*, Ex. K). On April 29, 2011, the property sold at a trustee's sale. (*Id.*, Ex. L). On

12   September 21, 2011, the trustee's deed was recorded. (*Id.*).

13           On July 16, 2012, plaintiffs filed this action in state court. (Doc. # 1-2). Plaintiffs sue

14   defendants for (1) wrongful foreclosure; (2) quiet title; (3) wrongful eviction; (4) wrongful writ of

15   possession; (5) declaratory relief; (6) slander of title; and (7) injunctive relief. On August 2, 2012,

16   defendants removed the action to this court. (Doc. # 1).

17   **II.    Motions**

18           **A.    Motion to remand (doc. # 10)**

19           Plaintiffs argue that the court should remand this action to state court because the court lacks

20   subject matter jurisdiction over the case. The court disagrees.

21   . . .

22

23   _____

24   not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is
     properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v.*
     *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose

25   contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to
     the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss

26   into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Fed. R. Evid. 201, a
     court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.

27   1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted
     into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

28   2001).

**James C. Mahan**
**U.S. District Judge**                                          - 2 -

1      **i.      Legal standard**

2      An action filed in state court may be removed to federal court if the federal court would have

3   had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original

4   subject matter jurisdiction over two types of cases. First, pursuant to its diversity jurisdiction, the

5   court may preside over suits between citizens of different states where the amount in controversy

6   exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Second, pursuant to 28 U.S.C. § 1331, this

7   court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or

8   treaties of the United States."

9      **ii.      Discussion**

10      Defendants removed to this court on the basis that this court has diversity jurisdiction over

11   the instant matter pursuant to 28 U.S.C. § 1332. Plaintiffs argue that the this court lacks subject

12   matter jurisdiction because the amount in controversy element of diversity jurisdiction has not been

13   met. On this basis, plaintiffs move the court to remand the case to state court.

14      **a.      Amount in controversy**

15      Plaintiffs argue that they are not seeking damages in excess of $75,000. However, it is clear

16   from the face of the complaint that part of the relief plaintiffs seek is to quiet the title of the property

17   in the name of plaintiffs. Essentially, plaintiffs seek to reverse the effect of a completed foreclosure

18   sale. The object of this litigation is both the value of the property and the secured debt on the

19   property prior to the complete foreclosure sale.

20      "In actions seeking declaratory or injunctive relief, it is well established that the amount in

21   controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d

22   837, 840 (9th Cir. 2002). Here, the property was sold at the trustee's sale for $328,500 and the

23   outstanding debt on the senior mortgage was $818,584.78. Thus, the amount in controversy is well

24   in excess of the statutory minimum of $75,000.

25      **b.      Complete diversity**

26      To support federal diversity jurisdiction, parties must have complete diversity, or all plaintiffs

27   must be citizens of a different state than all defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089,

28

**James C. Mahan**
**U.S. District Judge**

1    1095 (9th Cir. 2004).

2         Plaintiffs are citizens of Nevada. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

3    1091 (9th Cir.1983). Defendant Bank of America N.A. is a citizen of North Carolina and defendant

4    ReconTrust Company, N.A. is a citizen of California. *See* 28 U.S.C. § 1348; *see also Wachovia Bank*

5    *v. Schmidt*, 546 U.S. 303, 307 (2006). Defendant J.P. Morgan Alternative Loan Trust 2007-A1 is a

6    citizen of Delaware and New York.[3] *See* 28 U.S.C. § 1332(c)(1); *see also Johnson v. Columbia*

7    *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). All plaintiffs are citizens of a different

8    state than all defendants.

9         Thus, the court finds that diversity jurisdiction exists and that this matter is properly before

10   the court. The motion to remand is denied.

11        **B.      Motion to dismiss (doc. # 13)**

12        Defendants argue that the court should dismiss plaintiffs' complaint because they fail to state

13   a claim upon which relief can be granted.

14        **i.      Legal standard**

15        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

16   be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

17   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

18   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

19   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

20   of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

21        "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

22   at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

23   "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

24        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

25   considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

26   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

27   ───────────────

28        [3] Regardless of which J.P. Morgan Chase entity plaintiffs are suing.

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

1    Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

2    suffice. *Id*. at 1949.

3          Second, the court must consider whether the factual allegations in the complaint allege a

4    plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint

5    alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

6    alleged misconduct. *Id*. at 1949.

7          Where the complaint does not permit the court to infer more than the mere possibility of

8    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

9    (internal quotations omitted). When the allegations in a complaint have not crossed the line from

10   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

11         The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202,

12   1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of

13   truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of

14   action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

15   the opposing party to defend itself effectively. Second, the factual allegations that are taken as true

16   must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party

17   to be subjected to the expense of discovery and continued litigation." *Id.*

18              **ii.      Discussion**

19         Defendants challenge all of plaintiffs' causes of action. The court addresses each allegation

20   in turn.

21              **a.      Claim 1: statutory and common law wrongful foreclosure**

22         Plaintiffs first claim is for statutory wrongful foreclosure. Plaintiffs seek to void the April

23   2011, trustee's sale of the property.[4]

24   . . .

25   . . .

26

27         [4] Although plaintiffs do not explicitly alleged statutory wrongful foreclosure, the court addresses this cause of
28   action to the extent it is alleged.

**James C. Mahan**
**U.S. District Judge**                                              - 5 -

1          **1.     Statutory wrongful foreclosure**

2          Under Nevada law, notice of default need be sent only to "the grantor or, to the person who

3    holds the title of record on the date the notice of default and election to sell is recorded . . . ." NEV.

4    REV. STAT.§ 107.080(3). Notice of sale must only be sent to the "the trustor and any other person

5    entitled to notice pursuant to this section . . . ." *Id.* at § 107.080(4)(a).

6    Defendants argue that at the time the notice of default and election to sell was recorded, plaintiffs

7    were not the record title holders of the property. Defendants also argue that the statute does not state

8    that notice must be sent to persons who hold an unrecorded assignment of the trustor/grantor's

9    interest in the property, as plaintiffs contend.

10   The court agrees. Plaintiffs' unrecorded interest left defendants without notice of the purported

11   transfer at the time the notice of default and election to sell was recorded. Thus, defendants did not

12   have an obligation to notice plaintiffs.

13         To the extent that plaintiffs did not receive notice even after their interest in the property was

14   recorded; plaintiffs did not bring the instant action within the time provided in the statute. Plaintiffs

15   admit in their complaint that they had actual knowledge of the trustee's sale on June 7, 2011.[5]

16   Plaintiffs had 120 days after the date on which plaintiffs received actual notice of the sale to timely

17   pursue this action. *See* NEV. REV. STAT.§ 107.080(6). However, plaintiffs did not file suit until

18   July16, 2012. Thus, such an action is time barred.

19         Also, plaintiffs are not eligible to seek damages for an alleged violation of NEV. REV. STAT.§

20   107.080(4). Assembly Bill 284 is effective only as of October 11, 2011, and is not retroactive. *See*

21   *Sukuta v. DHI Mortg. Co., Ltd.*, 3:11-CV-00847-RCJ, 2012 WL 1684561, \*1-2 (D. Nev. May 11,

22   2012). Here, the notice of default was recorded on September 2009, and the foreclosure took place

23   in April 2011, thus this remedy is not applicable to the instant case.

24   The court dismisses plaintiffs' claim for statutory wrongful foreclosure.

25   . . .

26

27         [5] On June 22, 2012, plaintiffs recorded a certified copy of a notice of failure of trustee to notice title holder of

28   record of foreclosure sale. (Doc. # 13, Ex.O).

**James C. Mahan**
**U.S. District Judge**                                              - 6 -

1

### 2.   Common law wrongful foreclosure

2      To succeed on a claim for common law wrongful foreclosure, one must show that (1)

3  defendants exercised a power of sale or foreclosed on plaintiffs' property and (2) at the time the

4  power of sale was exercised, there was no breach of condition or failure of performance by plaintiffs

5  that would have authorized foreclosure. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304,

6  662 P.2d 610, 623 (1983). The material issue in a wrongful foreclosure claim is whether "the trustor

7  was in default when the power of sale was exercised." *Id.* at 304.

8      Plaintiffs allege that they assumed the senior and junior secured loans. However, it is clear

9  from exhibit 9, attached to plaintiffs' complaint, that default in payment occurred in June 2009.

10  Plaintiffs do not allege that they made any payments on the senior or junior mortgage other than

11  those checks attached to the complaint. Further, plaintiffs do not contest that they, or Lombardo,

12  defaulted on the loan. *See Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev.

13  2009).

14      Thus, because plaintiffs do not allege that they performed under the loan, the court dismisses

15  plaintiffs' claim for common law wrongful foreclosure.

16

### b.   Claim 2: quiet title

17      "A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an

18  adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-CV-00567-

19  RCJLRL, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009).

20      Here, plaintiffs do not dispute that they were assigned an interest in the property via a

21  quitclaim deed after the senior deed of trust was recorded. Plaintiffs took their assignment subject

22  to the senior deed of trust. A quiet title action is only necessary if a dispute exists between two or

23  more parties over the rights to, or ownership of property. There is no dispute over the ownership of

24  this property.

25      Further, plaintiffs do not dispute that the property is encumbered by the senior deed of trust.

26  In fact, plaintiffs claim to have assumed the obligations of the loan. Therefore, there is not adverse

27  claim of title as to the property. Plaintiffs' quiet title claim is dismissed.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    **c.    Claim 6: slander of title**

2        To state a slander of title claim, a plaintiff must allege a "false and malicious

3    communications, disparaging to one's title in land, and causing special damage." *See Exec. Mgmt.,*

4    *Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998).

5        Here, plaintiffs do not dispute that the senior loan was in default at the time of foreclosure.

6    Following default, defendants were within their authority under the deed of trust to conduct a

7    foreclosure on the property. Thus, the statutory foreclosure notices contained truthful information.

8    Further, plaintiffs fail to allege how the notices were false or malicious beyond a formalistic

9    recitation of the claim that is insufficient under the pleading standard. *See Iqbal*, 129 S.Ct. at 1949.

10   The court dismisses plaintiffs' slander of title claim.

11   **d.    Claims 3 and 4: wrongful eviction and wrongful writ of possession**

12       Plaintiffs already sought, and the court already declined, to vacate or stay the justice court's

13   order granting a writ of restitution. (*See* doc. # 6). Having previously recognized its limited power

14   to enjoin a state proceeding; the court finds dismissal of plaintiffs' wrongful eviction and wrongful

15   writ of possession claims appropriate.

16   **e.    Claims 5 and 7: declaratory and injunctive relief**

17       There is no cause of action for declaratory or injunctive relief–these are remedies, not claims

18   for relief. *See Rivard-Crook v. Accelerated Payment Technologies, Inc.*, 2:10-CV-02215-MMD,

19   2012 WL 6138229, at *2 (D. Nev. Dec. 10, 2012). Because plaintiffs' underlying claims for relief

20   have been dismissed, any relief sought against defendants is also necessarily dismissed.

21   **III.    Expunge lis pendens**

22       Plaintiffs recorded a notice of lis pendens against the property on July 16, 2012. (Doc. # 4,

23   Ex. 8). With the causes of action against defendants being dismissed, the lis pendens is no longer

24   necessary and will be expunged.

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**                                    - 8 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiffs William A. Turbay and Richard G. Rock's motion to remand (doc. # 10) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants Bank of America N.A.; ReconTrust Company, N.A.; and J.P. Morgan Alternative Loan Trust 2007-A1's motion to dismiss (doc. # 13) be, and the same hereby is, GRANTED. This action is dismissed without prejudice.

IT IS FURTHER ORDERED that the lis pendens is canceled, released, and expunged.

IT IS FURTHER ORDERED that defendants record a properly certified copy of this order in the real property records of Clark County, Nevada within a reasonable amount of time from the date of this order.

DATED March 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 9 -